UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                            :

YUDELKA MARTINEZ, *individually and on behalf of*   :
*others similarly situated*,   :
                                            :

                      Plaintiff,   :
                                          :       25 Civ. 8692 (JPC)
    -v-   :
                                            :          ORDER

DUBAI LOUNGE & RESTAURANT LLC, *et al.*,   :
                                          :

                    Defendants.   :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Yudelka Martinez initiated this case by filing a Complaint on October 21, 2025. Dkt. 1 ("Complaint"). On October 24, 2025, Plaintiff filed an affidavit from a process server who purports to have served Defendant Dubai Lounge & Restaurant LLC by delivering an "annexed Summons . . . and Complaint" to an authorized agent of the New York Secretary of State. Dkt. 10; *see* N.Y. Ltd. Liab. Co. Law § 303(a) (allowing for service upon a limited liability company by "[p]ersonally delivering to and leaving with . . . any person authorized by the secretary of state to receive such service . . . copies of such process together with the statutory fee"). There was, however, no Summons or Complaint annexed to the process server's affidavit.

Although "a process server's affidavit of service establishes a prima facie case of the account of the method of service," *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002), that affidavit of service leaves unclear whether the method of service upon Defendants was proper. In particular, the affidavit of service on Dubai Lounge & Restaurant LLC does not specify which Summons and Complaint were delivered to the registered agent of the Secretary of State.

In federal litigation, "all doubts must be resolved in favor of . . . ensur[ing] that to the extent

possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). To alleviate any doubts about the propriety of service, Plaintiff must serve copies of the Summons, Complaint, and this Order on Defendant Dubai Lounge & Restaurant LLC by personally delivering them to a person authorized to accept service on behalf of the company. *See* N.Y. C.P.L.R. § 311-a(a). Plaintiff's affidavit of service should describe the individual who accepts delivery, including facts showing why it is reasonable for the server to believe that that individual is qualified to accept service on behalf of Defendant. *See, e.g.*, *Fashion Page, Ltd. v. Zurich Ins. Co.*, 406 N.E.2d 747, 751 (N.Y. 1980) ("Delivering the summons to a building receptionist, not employed by the defendant, without any inquiry as to whether she is a company employee, would not be sufficient."). Proof of service in accordance with this Order should be filed on the docket no later than December 23, 2025.

       SO ORDERED.

Dated: December 5, 2025
      New York, New York

                          JOHN P. CRONAN
                    United States District Judge

2