UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                    :

YUDELKA MARTINEZ, *individually and on behalf of*  :
*others similarly situated*,                               :

                                                    :

                    Plaintiff,           :

                                                      :           25 Civ. 8692 (JPC)

          -v-                         :

                                                    :           <u>ORDER</u>

DUBAI LOUNGE & RESTAURANT LLC, *et al.*,     :

                                                     :

                    Defendants.      :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On January 29, 2026, Plaintiff filed a notice of voluntarily dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Dkt. 17.  The Court then ordered Plaintiff to advise whether the proposed dismissal was part of a settlement agreement, so that the Court could review any agreement under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  Dkt. 18.  On January 30, 2026, Plaintiff submitted a letter stating that "the parties have not settled this matter in any manner, and . . . there is no settlement agreement between the parties."  Dkt. 19.

Under *Cheeks*, the district court retains jurisdiction to review and approve any settlement to ensure compliance with the Fair Labor Standards Act ("FLSA") notwithstanding the parties' joint stipulation of dismissal with prejudice pursuant to Rule 41(a)(1)(A)(ii).  The Second Circuit has held that *Cheeks* applies equally to FLSA claims that are dismissed without prejudice pursuant to Rule 41(a)(1)(A)(i).  *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810 (2d Cir. 2022) ("[T]he logic of *Cheeks* as applied to Rule 41(a)(1)(A)(ii) dismissals with prejudice applies equally to Rule 41(a)(1)(A)(i) dismissals without prejudice.").

Because the proposed dismissal by Plaintiff is not part of a settlement agreement, there is

no need for the Court to engage in a *Cheeks* fairness review. *See id.* at 811 ("Had a FLSA settlement existed, the district court would then engage in a *Cheeks* fairness review, but in the absence of a settlement, the notice of dismissal should be so-ordered."). Accordingly, the Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: February 2, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2